UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EXTREME REACH, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED SOURCES OF AMERICA, INC.<br><br>    Defendant. | Civil Action No. _____ |

COMPLAINT AND JURY DEMAND

*Introduction*

1. This action arises out of defendant United Sources of America, Inc.'s ("USA Studios") breach of its contractual obligations to make payments to plaintiff Extreme Reach, Inc. ("Extreme Reach") for online digital advertisement distribution. USA Studios has refused to pay any of Extreme Reach's invoices for services rendered despite timely invoices and demand for payment. Extreme Reach seeks damages for USA Studio's breach of contract.

*Parties*

2. Extreme Reach is a corporation organized under the laws of Delaware with its principal place of business located at 75 Second Avenue, Suite 360, Needham, MA 02494.

3. USA Studios is a corporation organized and existing under the laws of New York with its principal place of business located at 29 West 38th Street, 4th Floor, New York, NY 10018.

*Facts*

4. Extreme Reach develops and markets technology and related services that enables advertisers to connect and simplify the world of video advertising, from TV to the Web and beyond.

5. Extreme Reach hosts the largest video distribution network in the world for TV and Web advertising on an advanced cloud-based platform that unifies and streamlines every aspect of video advertising campaigns.

6. Extreme Reach's network allows customers to upload a video advertisement spot to Extreme Reach's cloud platform to be delivered digitally to various outlets including North American broadcast and cable networks, every local TV outlet and a vast array of sports venues and out-of-home media. Extreme Reach's network delivers uploaded video ads to websites that feature video content.

7. On or about June 22, 2009, Extreme Reach and defendant USA Studios entered into a Strategic Alliance Agreement (the "<u>Agreement</u>") whereby USA Studios agreed to provide fulfillment and ancillary services surrounding spot distribution for Extreme Reach, including but not limited to closed captioning, re-slating, down converting, versioning, encoding for on-air tracking and dub/ship services.

8. Pursuant to the Agreement, Extreme Reach agreed to provide online digital spot distribution to USA Studios and to use USA Studios as the primary vendor for Extreme Reach's outsourced services that pertain to spot distributions.

9. The Agreement provides that for all orders placed by Extreme Reach on behalf of USA Studios or by USA Studios, the pricing, billing and payment policies were set forth on attached rate cards for USA Studios and Extreme Reach.

10. In the event of termination or expiration of the Agreement, any payment obligations with respect to all services billed by either party, prior to the effective date of expiration or termination, will survive.

11. During the period from August 15, 2012 to April 10, 2013, Extreme Reach sent USA Studios timely invoices (the "Invoices") for services Extreme Reach provided under the Agreement. USA Studios has failed to pay any of Extreme Reach's Invoices; all in breach of the Agreement.

12. Extreme Reach has demanded payment of these unpaid Invoices which amount to more than $519,979.00 worth of Extreme Reach services rendered to USA Studios pursuant to the Agreement.

13. On May 20, 2013, counsel for Extreme Reach sent a letter to USA Studios to demand payment of the unpaid Invoices. To date, no response has been received to this demand letter.

*Jurisdiction and Venue*

14. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). Extreme Reach is a citizen of the Commonwealth of Massachusetts and the State of Delaware and USA Studios is a citizen of the State of New York, and the amount in controversy exceeds, exclusive of interest, fees, and costs, $75,000.00.

15. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and/or omissions giving rise to Extreme Reach's claims occurred in this district. In addition, USA Studios is subject to personal jurisdiction in this judicial district.

## COUNT I
### (Breach of Contract)

16. Extreme Reach realleges and incorporates by reference paragraphs 1 through 15 above as though fully set forth herein.

17. As described more fully above, USA Studios has materially breached the terms of this Agreement.

18. Extreme Reach and USA Studios entered into a valid written Agreement supported by adequate consideration.

19. Extreme Reach has performed all of its obligations and has satisfied all conditions required of it under the Agreement.

20. USA Studios has breached the Agreement by failing to pay the Invoices for Extreme Reach's services rendered under the Agreement in an amount in excess of $500,000.00.

21. USA Studios has failed, without excuse or defense, to make payment of the Invoices to Extreme Reach as required by the Agreement.

22. As a direct and proximate result of USA Studios' material breaches of the Agreement, as described more fully above, Extreme Reach has suffered damages, including expenses and attorneys' fees incurred to enforce the terms of the Agreement, in amount to be determined at trial but not less than $519,979.00.

## COUNT II
### (Breach of Its Implied Covenant of Good Faith and Fair Dealing)

23. Extreme Reach hereby repeats and realleges the allegations of paragraph 1 through 22 hereof by reference as though they were set forth fully herein.

24. As a matter of law, the Agreement contains and incorporates an implied covenant of good faith and fair dealing.

25. USA Studios' actions as set forth more fully above constitutes a breach of the implied covenant of good faith and fair dealing contained and incorporated into the Agreement.

26. As a direct and proximate result of USA Studios' breach of the implied covenant of good faith and fair dealing, Extreme Reach has suffered damages in an amount to be determined at trial but not less than $519,979.00.

## COUNT III
### (Unjust Enrichment)

27. Extreme Reach hereby repeats and realleges the allegations of paragraphs 1 through 26 hereof by reference as though they were set forth fully herein.

28. USA Studios received and accepted substantial services from Extreme Reach. USA Studios received substantial, direct benefits from the provision of services by Extreme Reach to USA Studios.

29. USA Studios has been unjustly enriched at Extreme Reach's expense by USA Studios' receipt, acceptance and retention of the substantial benefits USA Studios received from Extreme Reach's provision of service.

30. As a direct and proximate result of USA Studios' actions, Extreme Reach has been harmed and USA Studios has been unjustly enriched in an amount to be determined at trial.

## JURY DEMAND

Extreme Reach demands a trial by jury on all claims so triable as of right.

WHEREFORE, Extreme Reach request that this Court:

1. Enter judgment for Extreme Reach against USA Studios in an amount not less than $519,979.00;

2. Award damages to Extreme Reach in an amount to be determined at trial;

Case 1:13-cv-11678-RGS   Document 1   Filed 07/11/13   Page 6 of 6

3. Award interest, costs and attorneys' fees; and

4. Award such other relief as this Court deems just and proper.

                                    Respectfully submitted,

                                    EXTREME REACH, INC.

                                    By its attorneys,

                                    /s/ Kate R. Isley
                                    Jeffrey E. Francis (BBO # 639944)
                                    jfrancis@pierceatwood.com
                                    Kate R. Isley (BBO # 666371)
                                    kisley@pierceatwood.com
                                    PIERCE ATWOOD LLP
                                    100 Summer Street, Suite 2250
                                    Boston, MA 02110
                                    (617) 488-8100

DATED:      July 11, 2013

{W3769871.1}     6