UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | | |
|---|---|---|
| EXTREME REACH, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:13-cv-11678-RGS |
| | ) | |
| UNITED SOURCES OF AMERICA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANT
UNITED SOURCES OF AMERICA, INC. TO DISMISS THE COMPLAINT FOR
<u>IMPROPER VENUE AND FOR FAILURE TO STATE A CLAIM FOR RELIEF</u>**

Steven C. Reingold (BBO No. 638649)
Howard P. Blatchford, Jr. (BBO No. 045580)
Nicholas J. Rosenberg (BBO No. 657887)
JAGER SMITH P.C.
One Financial Center
Boston, Massachusetts 02111
telephone:  (617) 951-0500
facsimile:  (617) 951-2414
email:  sreingold@jagersmith.com
            hblatchford@jagersmith.com
            nrosenberg@jagersmith.com

Attorneys for United Sources of America, Inc.

446385_1

## **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................ i

TABLE OF AUTHORITIES ......................................................................................................... ii

INTRODUCTION ...........................................................................................................................1

PERTINENT FACTUAL BACKGROUND ...................................................................................1

LEGAL ARGUMENT .....................................................................................................................1

I.  THE COMPLAINT SHOULD BE DISMISSED BECAUSE THE
    AGREEMENT CONTAINS AN ENFORCEABLE MANDATORY
    FORUM SELECTION CLAUSE. ....................................................................................1

II. IF THE COURT DECLINES TO DISMISS THE COMPLAINT IN
    ITS ENTIRETY, IT SHOULD NEVERTHELESS DISMISS COUNT II
    OF THE COMPLAINT FOR FAILURE TO STATE A CLAIM FOR RELIEF. ................6

CONCLUSION .................................................................................................................................8

# TABLE OF AUTHORITIES

**Cases**

*34-35th Corp. v. 1-10 Industry Associates, LLC*, 103 A.D.3d 709, 959 N.Y.S.2d 519 (2013) .................................................................................................................................5

*Ad-A-Day Co., Inc. v. Xerox Corp.*, Civil Action No. 10-11226-RGS, 2010 WL 3824118 (D. Mass. Sept. 28, 2010) ...............................................................................3

*Alter v. Bogoricin*, No. 97 Civ. 0662, 1997 WL 691332 (S.D.N.Y. Nov. 6, 1997) ...................6, 7

*Butvin v. DoubleClick Inc.*, No. 99 Civ. 4727, 2001 WL 228121 (S.D.N.Y. Mar. 7, 2001) ..................................................................................................................................7

*Carney v. Sibbersen*, Civil Action No. 12-10184-RGS, 2012 WL 1593161 (D. Mass. May 7, 2012) .............................................................................................................2, 4

*CondoDomain LLC v. Colantuoni*, Civil Action No. 11-11446-RGS, 2011 WL 5027138 (D. Mass. Oct. 21, 2011) ..................................................................................................2

*Cross & Cross Props., Ltd. v. Everett Allied Co.*, 886 F.2d 497 (2d Cir. 1989) ...........................6

*Cross Roads R.V. Center, Inc. v. Textron Financial Corp.*, 609 F. Supp. 2d 151 (D. Mass. 2009) .................................................................................................................................4

*D'Antuono v. CCH Computax Sys., Inc.*, 570 F. Supp. 708 (D.R.I. 1983) .....................................4

*Dalton v. Educational Testing Serv.*, 87 N.Y.2d 384, 639 N.Y.S.2d 977, 663 N.E.2d 289 (1995) ..................................................................................................................6

*Doe v. Seacamp Ass'n, Inc.*, 276 F. Supp. 2d 222, 226 (D. Mass. 2003) .......................................4

*Fadal Machining Centers, LLC v. Compumachine, Inc.*, Civil Action No. 09-10629-RGS, 2009 WL 2508095 (D. Mass. Aug. 14, 2009) ..................................................3, 5

*Granite Partners, L.P. v. Bear, Stearns & Co.*, 17 F. Supp. 2d 275 (S.D.N.Y. 1998) ...................6

*Harris v. Provident Life & Accident Ins. Co.*, 310 F.3d 73 (2d Cir. 2002) ...................................7

*Huffington v. T.C. Group, LLC*, 685 F. Supp. 2d 239 (D. Mass. 2010) .........................................2

*M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972) .....................................................2, 3, 4

*Murphy v. American Home Prods. Corp.*, 58 N.Y.2d 293, 461 N.Y.S.2d 232, 448 N.E.2d 86 (1983) ....................................................................................................................7

*Nisselson v. Lernout*, Civil Action No. 03-10843-PBS, 2004 WL 1630492
(D. Mass. Jul. 21, 2004) ................................................................................................4

*Provanzano v. Parker View Farm, Inc.*, 827 F. Supp. 2d 53 (D. Mass. 2011) ...........................2, 3

*Rafael Rodriguez Barril, Inc. v. Conbraco Indus., Inc.*, 619 F.3d 90 (1st Cir. 2010) ...................2

*Reder Enterprises, Inc. v. Loomis, Fargo & Co.*, 490 F. Supp. 2d 111
(D. Mass. 2007) ................................................................................................................3

*Rivera v. Centro Medico de Turabo, Inc.*, 575 F.3d 10 (1st Cir. 2009) ...................................2, 3

*Rooney v. Biomet, Inc.*, 63 F. Supp. 2d 126 (D. Mass. 1999) ..........................................................2

*Royal Bed & Spring Co., Inc. v. Famossul Industria e Comercio de Moveis Ltda.*,
906 F.2d 45 (1st Cir. 1990) ...............................................................................................3

*Silva v. Encyclopedia Britannica, Inc.*, 239 F.3d 385 (1st Cir. 2001) ............................................2

*Siradas v. Chase Lincoln First Bank, N.A.*, No. 98 Civ. 4028, 1999 WL 787658
(S.D.N.Y. Sept. 30, 1999) ................................................................................................7

*Somerville Auto Transport Service, Inc. v. Automotive Finance Corp.*, 691
F. Supp. 2d 267 (D. Mass. 2010) ......................................................................................3

*Stars for Art Production FZ, LLC v. Dandana, LLC*, 806 F. Supp. 2d 437
(D. Mass. 2011) ................................................................................................................2

*Summit Packaging Sys., Inc. v. Kenyon & Kenyon*, 273 F.3d 9 (1st Cir. 2001) ............................2

*TVT Records and TVT Music, Inc. v. The Island Def Jam Music Group*,
244 F. Supp. 2d 263 (S.D.N.Y. 2003) ...........................................................................6, 7

**Statutes**

28 U.S.C. § 1406(a) ........................................................................................................................6

**Rules**

FED. R. CIV. P. 12(b)(6) ..................................................................................................................1

## INTRODUCTION

The *Strategic Alliance Agreement* (the "**Agreement**") that forms the basis of the business relationship between plaintiff Extreme Reach, Inc. ("**Extreme Reach**") and defendant United Sources of America, Inc. ("**USA Studios**"), and that underlies the causes of action set forth in the *Complaint and Jury Demand* [ECF No. 1] (the "**Complaint**"), contains a mandatory forum selection clause under which any dispute between Extreme Reach and USA Studios arising out of or relating to the Agreement must be submitted to a court located in New York. Accordingly, the *Motion of Defendant United Sources of America, Inc. to Dismiss the Complaint for Improper Venue and for Failure to State a Claim for Relief* (the "**Motion**") seeks the entry of an order, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, FED. R. CIV. P. 12(b)(6) (the "**Civil Rules**"), dismissing the Complaint in its entirety because venue does not lie in this district.

As an alternative form of relief to be granted in the event that the Court declines to enforce the Agreement's forum selection clause, the Motion seeks the entry of an order pursuant to Civil Rule 12(b)(6) dismissing Count II of the Complaint for failure to state a claim for relief.

## PERTINENT FACTUAL BACKGROUND

For a discussion of the factual background that is pertinent to the Motion and the issues presented thereby, USA Studios respectfully refers the Court to the *Declaration of Rashid Khan* ("**Khan Decl.**") and the exhibits thereto.

## LEGAL ARGUMENT

### I. THE COMPLAINT SHOULD BE DISMISSED BECAUSE THE AGREEMENT CONTAINS AN ENFORCEABLE MANDATORY FORUM SELECTION CLAUSE.

USA Studios respectfully submits that the Court should dismiss the Complaint in its entirety under Civil Rule 12(b)(6) because the Agreement that forms the basis of the parties'

relationship, and upon which the causes of action set forth in the Complaint rely, *see* Khan Decl. at ¶ 3, Ex. A, contains an enforceable mandatory forum selection clause.[1]  Specifically, Paragraph 11(f) of the Agreement states, "[t]he interpretation and validity of this Agreement and the Rights of the Parties **shall** be governed by New York law **under the jurisdiction of New York Court** [*sic*]." *See id*. at ¶ 3, Ex. B (emphases added); *see id*. at ¶ 5.[2]

As a preliminary matter, USA Studios notes that the foregoing language constitutes a mandatory, as opposed to a permissive, forum selection clause, given the use of the word "shall" and the "clear language indicating that jurisdiction and venue are appropriate exclusively" in New York.  *Provanzano*, 827 F. Supp. 2d at 60 (citing *Rivera v. Centro Medico de Turabo, Inc.*, 575 F.3d 10, 17 (1st Cir. 2009); *Summit Packaging Sys., Inc. v. Kenyon & Kenyon*, 273 F.3d 9, 12 (1st Cir. 2001)); *see also Stars for Art Production*, 806 F. Supp. 2d at 445-446 (citing *Rivera*, 575 F.3d at 17).  Accordingly, any argument by Extreme Reach that it agreed to New York as one possible venue, as opposed to the only venue, for resolving disputes under the Agreement should be rejected.  *See* Khan Decl. at ¶ 3, Ex. B at ¶ 11(g) (integration clause).

It is well settled that forum selection clauses are deemed to be "prima facie valid." *Carney*, 2012 WL 1593161, at *2 (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972)); *CondoDomain LLC v. Colantuoni*, Civil Action No. 11-11446-RGS, 2011 WL 5027138,

---

[1]  In the First Circuit, a motion to dismiss a complaint that is based upon the presence of a contractual forum selection clause is treated as a motion under Civil Rule 12(b)(6) alleging the failure to state a claim upon which relief may be granted.  *Silva v. Encyclopedia Britannica, Inc.*, 239 F.3d 385, 387 (1st Cir. 2001); *accord Provanzano v. Parker View Farm, Inc.*, 827 F. Supp. 2d 53, 58 (D. Mass. 2011); *Huffington v. T.C. Group, LLC*, 685 F. Supp. 2d 239, 240 (D. Mass. 2010).

[2]  As this Court has discussed, federal common law and Massachusetts law treat forum selection clauses "identically."  *Carney v. Sibbersen*, Civil Action No. 12-10184-RGS, 2012 WL 1593161, at *2 n.3 (D. Mass. May 7, 2012) (quoting *Rooney v. Biomet, Inc.*, 63 F. Supp. 2d 126, 127 (D. Mass. 1999) (subsequent history omitted)).  As such, the Court need not decide whether the Agreement's forum selection clause is "procedural," and therefore requires the application of federal law, or "substantive," thus mandating the application of pertinent Massachusetts or New York law.  *See id*. (citing *Rafael Rodriguez Barril, Inc. v. Conbraco Indus., Inc.*, 619 F.3d 90, 92 (1st Cir. 2010)); *see also Provanzano*, 827 F. Supp. 2d at 60 n.3; *Stars for Art Production FZ, LLC v. Dandana, LLC*, 806 F. Supp. 2d 437, 445-446 (D. Mass. 2011) (citations omitted).

at *1 (D. Mass. Oct. 21, 2011) (quoting *Bremen*, 407 U.S. at 10); *Ad-A-Day Co., Inc. v. Xerox Corp.*, Civil Action No. 10-11226-RGS, 2010 WL 3824118, at *1 (D. Mass. Sept. 28, 2010) (quoting *Bremen*, 407 U.S. at 10). Such clauses are to be enforced "unless doing so would be 'unreasonable' under the circumstances," *Cross Roads R.V. Center, Inc. v. Textron Financial Corp.*, 609 F. Supp. 2d 151, 153 (D. Mass. 2009) (quoting *Bremen*, 407 U.S. at 10), if there is "some compelling and countervailing reason" why they should not be, *Fadal Machining Centers, LLC v. Compumachine, Inc.*, Civil Action No. 09-10629-RGS, 2009 WL 2508095, at *1 (D. Mass. Aug. 14, 2009) (quoting *Bremen*, 407 U.S. at 12), or if enforcement "would contravene a strong public policy of the forum in which suit is brought." *Provanzano*, 827 F. Supp. 2d at 58 (citing *Rivera*, 575 F.3d at 18).[3]

In this matter, it would not be unreasonable to enforce the contractual choice of New York as the forum for resolving disputes, even if doing so would result in some inconvenience to Extreme Reach, which freely entered into the Agreement after negotiations between the parties concerning its terms, *see* Khan Decl. at ¶ 6, for "a showing of inconvenience as to a foreign forum would not be enough to hold a forum-selection clause unenforceable, especially if that inconvenience was known or contemplated by the parties at the time of their agreement." *Royal Bed & Spring Co., Inc. v. Famossul Industria e Comercio de Moveis Ltda.*, 906 F.2d 45, 49 (1st Cir. 1990) (citing *Bremen*, 407 U.S. at 16); *see also Somerville Auto Transport Service, Inc. v. Automotive Finance Corp.*, 691 F. Supp. 2d 267, 274 (D. Mass. 2010) (enforcing forum selection clause and noting plaintiff "should have foreseen the inconvenience imposed by litigating in an

---

[3] Stated another way, "a court is **required** to enforce a duly-executed forum-selection clause unless the objecting party can 'clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching.'" *Reder Enterprises, Inc. v. Loomis, Fargo & Co.*, 490 F. Supp. 2d 111, 114 (D. Mass. 2007) (quoting *Bremen*, 407 U.S. at 15) (emphasis in original). Having negotiated the Agreement's terms, *see* Khan Decl. at ¶ 6, Extreme Reach cannot legitimately contend that the forum selection clause contained therein is the product of fraud or overreaching on the part of USA Studios.

446385_1                              3

Indiana forum at the time of contracting."); *Cross Roads R.V. Center*, 609 F. Supp. 2d at 153. Moreover, as this Court has noted, it is "incumbent on the party seeking to escape [its] contract to show that trial in the contractual forum will be so gravely difficult and inconvenient that [it] will for all practical purposes be deprived of [its] day in court." *Carney*, 2012 WL 1593161, at *2 (quoting *Bremen*, 407 U.S. at 15); *see also Doe v. Seacamp Ass'n, Inc.*, 276 F. Supp. 2d 222, 226 (D. Mass. 2003). Holding Extreme Reach to its agreement to litigate in New York ought not cause it much inconvenience, and ought not be so "gravely difficult," as "New York is just a shuttle trip away." *Nisselson v. Lernout*, Civil Action No. 03-10843-PBS, 2004 WL 1630492, at *4 (D. Mass. Jul. 21, 2004). It would not, therefore, be unreasonable to enforce the Agreement's mandatory forum selection clause.

In *Nisselson* and *Doe*, the Court identified the following additional factors that may be considered when determining whether it would be unreasonable to enforce a forum selection clause:

> (i) the law governing the contract in question; (ii) the place of execution of the contract; (iii) the place where the transactions have been or will be performed; (iv) the availability of remedies in the contractually designated forum; (v) the public policy of the plaintiff's choice of forum state; (vi) the location of the parties, convenience of witnesses and accessibility of evidence; (vii) the relative bargaining power of the parties and the circumstances of their negotiations; (viii) the presence of fraud or other undue influence; and (ix) the conduct of the parties.

*Nisselson*, 2004 WL 1630492, at *2 (citing *Doe*, 276 F. Supp. 2d at 225); *Doe*, 276 F. Supp. 2d at 225 (citing *D'Antuono v. CCH Computax Sys., Inc.*, 570 F. Supp. 708, 712 (D.R.I. 1983)). USA Studios respectfully submits that consideration of these factors leads to the conclusion that the Agreement's forum selection clause must be enforced.

As to the first factor, the Agreement expressly states that its "interpretation and validity" and the "Rights of the Parties" are to be governed by New York law. *See* Khan Decl. at ¶ 3, Ex.

B at ¶ 11(f); *see id*. at ¶ 5.  With respect to the second and third factors, USA Studios executed the Agreement in New York and performed its obligations thereunder in New York.  *See* Khan Decl. at ¶ 6.  Assuming that any one or more of the causes of action set forth in the Complaint is meritorious—an assumption with which USA Studios strongly disagrees—a New York court applying New York law can award Extreme Reach monetary damages, which is the only remedy it seeks, thus satisfying the fourth factor.  *See, e.g.*, *34-35th Corp. v. 1-10 Industry Associates, LLC*, 103 A.D.3d 709, 959 N.Y.S.2d 519, 521 (2013) (citations omitted).  In respect of the fifth factor, USA Studios respectfully submits that this matter, which relates to a straightforward contractual dispute between two business entities, implicates no Massachusetts public policy that would require the Court to retain jurisdiction notwithstanding the Agreement's forum selection clause.  The sixth factor similarly weighs in favor of enforcing the parties' choice of forum, as USA Studios, and all of its witnesses and evidence, are located in New York; moreover, as is noted above, it would not be an inconvenience to require Extreme Reach to honor its agreement to prosecute its causes of action in New York.  As to the final factors, which consider the parties' bargaining power, the circumstances surrounding their negotiations and their conduct, USA Studios notes that Extreme Reach freely entered into the Agreement after negotiations between the parties concerning its terms, *see* Khan Decl. at ¶ 6, and did so after having read it and agreeing to be bound by its terms, *see id*. at ¶ 3, Ex. B at ¶ 11(g).

Based upon the foregoing, USA Studios respectfully submits that the Court "must, by terms of the parties' own [Agreement,] refuse further jurisdiction of" this action, *Fadal Machining Centers*, 2009 WL 2508095, at *1, and should therefore enter an order granting the Motion and dismissing the Complaint in its entirety pursuant to Civil Rule 12(b)(6).[4]

---

[4] Upon such a motion, a court has the authority to dismiss an action pursuant to Section 1406(a) of Title 28 of the United States Code, which provides in pertinent part that "[t]he district court of a district in which is filed a case

## II. IF THE COURT DECLINES TO DISMISS THE COMPLAINT IN ITS ENTIRETY, IT SHOULD NEVERTHELESS DISMISS COUNT II OF THE COMPLAINT FOR FAILURE TO STATE A CLAIM FOR RELIEF.

If the Court determines, notwithstanding the foregoing, that the Agreement's forum selection clause should not be enforced, USA Studios respectfully requests that the Court nevertheless dismiss Count II of the Complaint under Civil Rule 12(b)(6) for failure to state a claim for relief.

Under New York law, implicit in all contracts is a covenant of good faith and fair dealing in the course of contract performance. *See Dalton v. Educational Testing Serv.*, 87 N.Y.2d 384, 639 N.Y.S.2d 977, 663 N.E.2d 289, 291-292 (1995). Although breach of this covenant may give rise to a claim of relief, *see Granite Partners, L.P. v. Bear, Stearns & Co.*, 17 F. Supp. 2d 275, 305 (S.D.N.Y. 1998), there are limitations on its scope. The U.S. Court of Appeals for the Second Circuit, applying New York law, has indicated that it is the "intent and reasonable expectations" of parties entering into a given contract that fix the boundaries of the covenant of good faith and fair dealing, provided that those expectations are consistent with the express terms of the contract. *Cross & Cross Props., Ltd. v. Everett Allied Co.*, 886 F.2d 497, 502 (2d Cir. 1989); *see also Dalton*, 87 N.Y.2d at 389, 639 N.Y.S.2d 977, 663 N.E.2d 289. Hence, the purpose of the implied covenant of good faith is to further an agreement by protecting a promisee against "breach of the reasonable expectations and inferences otherwise derived from the agreement." *TVT Records and TVT Music, Inc. v. The Island Def Jam Music Group*, 244 F. Supp. 2d 263, 278 (S.D.N.Y. 2003). Such protection cannot exist in the absence of an underlying valid contract. *See Alter v. Bogoricin*, No. 97 Civ. 0662, 1997 WL 691332, at *7 (S.D.N.Y. Nov. 6, 1997) ("[T]he covenant of good faith and fair dealing is not distinct from the

---

laying venue in the wrong division or district *shall dismiss*, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a) (emphasis added).

underlying contract . . . "); *Murphy v. American Home Prods. Corp.*, 58 N.Y.2d 293, 461 N.Y.S.2d 232, 448 N.E.2d 86, 91 (1983).

Accordingly, "New York law . . . does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled." *Harris v. Provident Life & Accident Ins. Co.*, 310 F.3d 73, 81 (2d Cir. 2002); *see also Butvin v. DoubleClick Inc.*, No. 99 Civ. 4727, 2001 WL 228121, at *8 (S.D.N.Y. Mar. 7, 2001). Federal courts applying New York law have consistently dismissed claims for breach of the implied covenant of good faith as "redundant where the conduct allegedly violating the implied covenant is also the predicate for breach . . . of an express provision of the underlying contract." *TVT*, 244 F. Supp. 2d at 277; *see also Alter*, 1997 WL 691332, at *7 ("[E]very court faced with a complaint brought under New York law and alleging both breach of contract and breach of a covenant of good faith and fair dealing has dismissed the latter claim as duplicative"). Consequently, a breach of the implied covenant of good faith claim can survive a motion to dismiss "only if it is based on allegations different than those underlying the accompanying breach of contract claim." *Siradas v. Chase Lincoln First Bank, N.A.*, No. 98 Civ. 4028, 1999 WL 787658, at *6 (S.D.N.Y. Sept. 30, 1999). Moreover, where the relief sought by the plaintiff in claiming a breach of the implied covenant of good faith is "intrinsically tied to the damages allegedly resulting from the breach of contract," *Alter*, 1997 WL 691332, at *8, there is no separate and distinct wrong that would give rise to an independent claim.

Extreme Reach's Complaint presents an eponymously extreme example with respect to the positive identity of its breach of contract claim (Count I) and its breach of the implied covenant of good faith and fair dealing claim (Count II). The two counts incorporate the selfsame facts, *see* Complaint, ¶¶ 16, 23, reference the same written agreement, *see* Complaint,

¶¶ 18-21, 24, and seek the same damages as a result of the same alleged conduct on the part of USA Studios, *see* Complaint, ¶¶ 22, 26. Accordingly, under New York law, Count II should be dismissed because the alleged breach of the implied covenant of good faith and fair dealing merely duplicates the claim for alleged breach of contract.

## CONCLUSION

For all of the foregoing reasons, and for any other reasons USA Studios may state on the record at any hearing held in respect of the Motion, USA Studios respectfully requests that the Court enter an order as follows:  (a) granting the Motion; (b) dismissing the Complaint in its entirety under Civil Rule 12(b)(6) or, failing that, dismissing Count II of the Complaint under Civil Rule 12(b)(6) for failure to state a claim for relief; and (c) granting to USA Studios such other and further relief as the Court deems just and proper.

                                            UNITED SOURCES OF AMERICA, INC.

                                            By its attorneys,

                                            /s/ Steven C. Reingold
                                            _____
                                            Steven C. Reingold (BBO No. 638649)
                                            Howard P. Blatchford, Jr. (BBO No. 045580)
                                            Nicholas J. Rosenberg (BBO No. 657887)
                                            JAGER SMITH P.C.
                                            One Financial Center
                                            Boston, Massachusetts 02111
                                            telephone:  (617) 951-0500
                                            facsimile:  (617) 951-2414
                                            email:  sreingold@jagersmith.com
                                                         hblatchford@jagersmith.com
                                                         nrosenberg@jagersmith.com

Dated: September 18, 2013